# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **CHASE M. WALTERS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:11-0226** |
| ) | |
| **JOEL ZIEGLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 6, 2011, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## FACTS AND PROCEDURE

On June 19, 2003, the District Court for the District of Alaska sentenced Petitioner to a 28 month term of imprisonment, to be followed by a two year term of supervised release, following his conviction for Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924 (a)(2). United States v. Walters, Case No. 3:03-cr-00010 (D.Ak. Jun. 19, 2003). Petitioner's term of supervised release commenced on August 11, 2005. Id., Document 27. United States Probation Officer Eric Odegard filed a Petition for Warrant for Offender Under Supervised Release on December 16, 2006, and the Petition was granted by the District Court on December 19, 2006. Id.,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Document No. 32. On January 4, 2008, the District Court revoked Petitioner's term of supervised release and imposed a term of imprisonment for "20 months, consecutive to any time imposed in Case Number 3:07-cr-00044-04-TMB and NO TERM OF SUPERVISION TO FOLLOW." Id., Document No. 65. On August 22, 2011, Petitioner filed a Motion to Clarify Sentence requesting that the sentence be clarified so that he may receive early release under RDAP. Id., Document No. 69. The government filed a Response in Opposition on September 6, 2011. Id., Document No. 71. On September 12, 2011, the District Court denied Petitioner's Motion for Clarification finding that "Defendant is not eligible for early release pursuant to 28 C.F.R. § 550.55." Id., Document No. 72.

On July 30, 2007, Petitioner pled guilty in the United States District Court for the District of Alaska to one count of "Conspiracy in Relation to Controlled Substance Trafficking" in violation of 21 U.S.C. §§ 846 & 841(a)(1),(b)(1)(B) and (b)(1)(C); one count of "Distribution of Controlled Substances" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of "Possession of a Controlled Substance with Intent to Distribute" in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B) and (b)(1)(C). United States v. Walters, Case No. 3:07-cr-00044 (D.Ak. Jan. 10, 2008), Document No. 212. On January 10, 2008, the District Court sentenced Petitioner to a total term of 60 months imprisonment, to be followed by a five year term of supervised release. Id., Document No. 375. Petitioner did not appeal his conviction or sentence.

On April 6, 2011, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.) Petitioner argues that he is being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621. (Document No. 2.) Petitioner explains that he completed the Residential Drug Abuse Program [RDAP], but was notified by BOP officials that he had been denied early release. (Id., p. 1.) Petitioner contends that the BOP improperly determined that he has a "current offense

conviction for a firearm, explosive, or a dangerous weapon." (Id., p. 2.) Although Petitioner acknowledges that he has a prior Felon in Possession of Firearm conviction, Petitioner contends that his current conviction involves Trafficking of Controlled Substances. (Id.) Petitioner explains that on January 3, 2008, he was sentenced to 20 months for violating the terms and conditions of his supervised release regarding his Felon in Possession conviction. (Id., p. 3.) Petitioner states that on January 4, 2008, he was sentenced to 60 months in prison and 5 years supervised release for Conspiracy to Traffic and Distribution of Controlled Substances." (Id.) Based upon "the order and manner in which the petitioner was sentenced," Petitioner asserts he is currently serving his term of imprisonment "for the Conspiracy to Traffic and Distribution of Controlled Substances convictions." (Id.) Specifically, Petitioner states he "has since served well over the 20 months required for the SRT sentence, and due to the chronological order of the two different consecutive sentences, the only current judicial obligation the petitioner has is to the current instant offense conviction for 21 U.S.C. §§ 841 & 846, Conspiracy in Relation to Trafficking Controlled Substances and Distribution of Controlled Substances." (Id.) Petitioner further states he has "no 2-level enhancement for a dangerous weapon" concerning his drug conviction. (Id., p. 4.) Petitioner, therefore, contends he is entitled to early release because "a precluding current conviction for 18 U.S.C. § 922(g), Felon in Possession of a Firearm, does not exist." (Id.) Finally, Petitioner argues that the BOP cannot aggregate his prior conviction with his current conviction pursuant to 18 U.S.C. § 3584(c), "in order to make the prior conviction a current conviction so that program benefits may be denied." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's Request for Administrative Remedy, Informal Resolution Form, dated October 18, 2010 (Id., p. 6.); (2) A copy of Petitioner's Request for Administrative Remedy dated October 20, 2010 (Id., pp. 7 - 8.); (3) A copy of Warden Joel Ziegler's Response dated November 12, 2010 (Id., p. 9.); (4) A copy of

3

Petitioner's Regional Administrative Remedy Appeal dated November 21, 2010 (Id., pp. 10 - 11.); (5) A copy of Regional Director C. Eichenlaub's Response dated December 30, 2010 (Id., p. 12.); (6) A copy of Petitioner's Central Office Administrative Remedy Appeal dated January 5, 2011 (Id., pp. 13 - 14.); (7) A copy of the U.S. Department of Justice's "Request for § 3621(e) Offense Review" concerning Petitioner (Id., pp. 15 - 16.); (8) A copy of 28 C.F.R. § 550.55(b) (Id., pp. 17 - 18.); (9) A copy of pertinent pages of Petitioner's Presentence Report (Id., p. 19, 24 - 25.); (10) A copy of Petitioner's "Sentence Monitoring Computation Data as of 01-02-2009" (Id., pp. 20 - 22.); and (11) A copy of Section 3584 (Id., p. 26.)

On April 11, 2011, Petitioner filed an "Addendum to Memorandum." (Document No. 5.) In his Addendum, Petitioner states that "[o]n April 4, 2011, he finally received a response from the Bureau of Prison's Washington D.C. office for the previously filed BP-11 Administrative Appeal." (Id., p. 1.) Petitioner states that "Mr. Harrell Watts did not contest many of the previous points raised, but rather brought up a new argument." (Id.) Specifically, Mr. Watts stated that "[t]he offense for which you violated supervised release renders you ineligible for the early release benefit in accordance with Program Statement 5162.05, Categorization of Offense." (Id., pp. 1 - 2.) Petitioner argues that the foregoing "is completely incorrect." (Id., p. 2.) Petitioner claims that the District Court "found only one violation" of the terms of his supervised release. (Id.) Specifically, the District Court determined that Petitioner violated Condition Number 7 based upon Petitioner's distribution of a controlled substance on November 29, 2006. (Id.) Petitioner, therefore, states that "[a] current offense for Distribution of a Controlled Substance does not preclude the petitioner from early release eligibility as per Program Statement 5162.05 and 28 C.F.R. § 550.55(b)(5)." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of an Extension of Time for Response dated February 14, 2011, from the Administrative Remedy Coordinator Central Office (Id.,

4

p. 4.); (2) A copy of Administrator Harrell Watts' Response dated March 18, 2011 (Id., p. 5.); (3) A copy of Petitioner's Amended Judgment dated January 4, 2008, as filed in <u>United States v. Walters</u>, Case No. 3:03-cr-00010 (D.Ak. Jun. 19, 2003) (Id., pp. 6 - 7.); and (4) A copy of the "Supplemental Petition for Warrant or Summons for Offender Under Supervised Release" dated July 19, 2007, as filed in <u>United States v. Walters</u>, Case No. 3:03-cr-00010 (D.Ak. Jun. 19, 2003) (Id., pp. 8 - 9.).

## DISCUSSION

**1.      Petitioner's Provisional Eligibility for Early Release Under Section 3621(e).**

Petitioner asserts that the BOP erred by considering his firearm conviction when determining whether he qualified for early release under the RDAP. (Document No. 2.) First, Petitioner contends that the BOP erred in considering his firearms conviction because his supervised release violation is separate from his original conviction (felon in possession of a firearm). Second, Petitioner contends that his firearms conviction is a "prior conviction" because he is currently in custody based upon his drug trafficking conviction.

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

**(2) Incentive for prisoner's successful completion of treatment program. - -**

**(A) Generally.** – Any prisoner who, in the judgment of the Director of the

5

>Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.
>
>**(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. Title 28 C.F.R. § 550.55[2] provides in part that inmates

---

[2] Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:

(a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
    (1) Were sentenced to a term of imprisonment under either:
        (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or
        (ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and
    (2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
    \* \* \*
    (5) Inmates who have a current felony conviction for:
    \* \* \*
    (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
    (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
    \* \* \*

who have a "current felony conviction" for an offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement [P.S.] 5162.05 stating that inmates whose current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive" shall be precluded from receiving certain Bureau program benefits. Accordingly, 28 C.F.R. § 550.55 precludes any inmate convicted of being a felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).

Although Petitioner contends that the BOP did not have authority to classify his firearm conviction as a "current felon conviction" rendering him ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define "convicted of a non-violent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05, represents a reasonable interpretation of the statute.

---

  (c) Early release time-frame.
>  (1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;
>  (2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court;
>  (3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

7

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id.; also see Barber v. Thomas, ___ U.S. ___, 130 S.Ct. 2499, 2509, 177 L.Ed.2d 1 (2010)(finding no need to analyze the BOP's interpretation of the statute under the second level of the *Chevron* analysis where the BOP applied the statute as it is most naturally read and in accordance with the statute's purpose.) If Congress' intent is not clear, however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Chevron, 467 U.S. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also, Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were

> deciding the matter *de novo*. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant Chevron-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v. Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some deference" or "respect proportional to 'its power to persuade.'"). The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Program Statements 5162.05, however, is not subject to the APA and therefore, is entitled to respect to the extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) and P.S. 5162.05 are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . . *may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent

Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the Chevron analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who have a "current felony conviction" involving the "carrying, possession, or use of a firearm" should not be rewarded with a one year early release. See 28 C.F.R. § 550.55, P.S. 5162.05, P.S. 5331.02.

First, Petitioner contends that the BOP improperly interpreted "current felony conviction" to include his supervised release violation, which Petitioner argues is separate from his predicate conviction (felon in possession of a firearm). Specifically, Petitioner states that the supervised release violation did not involve the use or possession of a firearm. In the instant case, the BOP determined that Petitioner is ineligible for early release based upon his current conviction for being a felon in possession of a firearm. It is well recognized that when a defendant is returned to prison after a violating his supervised release, it is the original sentence that is executed. Johnson v. United States, 529 U.S. 694, 700, 120 S.Ct. 1795, 1800, 146 L.Ed.2d 727 (2000)("postrevocation sanctions [are] part of the penalty for the initial offense"); United States v. Thomas, 224 Fed. Appx. 876, 877 (11th

Cir. 2007)(citation omitted)("[R]evocation of probation is part of a defendant's original sentence because 'revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence.'"); United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998)("Because the conduct underlying the revocation of [defendant's] supervised release formed the basis of [his] incarceration, it follows that his incarceration for violating the terms of his supervised release was by reason of his [original] conviction."); United States v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995)("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation."); United States v. Paskow, 11 F.3d 873, 881-83 (9th Cir. 1993)("[I]t is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of both parole and supervised release."). The undersigned, therefore, finds that the BOP's interpretation is reasonable and permissible.

Next, Petitioner contends that the BOP improperly interpreted "current felony conviction" to include his firearms conviction, which is a "prior conviction." Petitioner explains that he was ordered to serve consecutive sentences concerning his convictions for possession of a firearm and drug trafficking. Petitioner contends that he is currently in custody pursuant to his drug trafficking conviction because he has completed his sentence concerning his firearms conviction. In the instant case, the BOP determined that Petitioner's firearms conviction is a "currently felony conviction" because his sentences were aggregated pursuant to 18 U.S.C. § 3584(c). Title 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The undersigned, therefore, finds that the BOP's interpretation is reasonable and permissible. See Johnson v. Holinka, 2007 WL 1446476, * 4 (D.Minn. May 14, 2007)(rejecting petitioner's argument that "once he

completes the term for the firearm offense, it should no longer disqualify him from a reduction of his remaining term.")

**2.     No Liberty Interest in RDAP Placement or to Early Release:**

To the extent Petitioner alleges that his constitutional rights were violated because he was entitled to receive a reduced sentence for his participation in the RDAP program, the undersigned will briefly consider his claim. The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. See U.S. Const. amend. V. In order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, petitioner must first demonstrate that he had a protected liberty interest. The fact of conviction and imprisonment implies the inmate's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the

> sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP, Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez, 531 U.S. at 232, 121 S.Ct. at 718. The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly

permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[3] See Lopez, 531 U.S. at 240, 121 S.Ct. at 721(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See Pelissero, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Further, Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91

---

[3] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.05), nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[4] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document Nos. 1 and 5.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen

---

[4] Even upon completion of RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

15

days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 9, 2012.

R. Clarke VanDervort
United States Magistrate Judge